IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOY L. CRAMER, :
WILMER H. SCOTT, :
    Plaintiffs :
 : 
    vs. :   CIVIL NO. 1:CV-10-0796
 : 
DONNA B. PRUEY, et al., :
    Defendants :

*M E M O R A N D U M*

*I.    Introduction*

    Plaintiffs Joy L. Cramer and Wilmer H. Scott brought this action under 42 U.S.C. § 1983 alleging violations of equal protection and due process. Presently before the court are three motions filed by the parties: (1) plaintiffs' motion for default judgment against defendants Jesse L. Dumm, Steven C. Peterson, Kevin Reese, and Robert M. Beck (collectively the "Commonwealth Defendants")(doc. 17); the Commonwealth Defendant's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)(doc. 16); and (3) defendants Donna B. Pruey, Allen E. Pruey, Sherry Bell (Pruey) Soccio, Donald E. Russler, Jr., and Connie C. Russler's (hereinafter the "Pruey and Russler Defendants") motion to dismiss contending that the Pruey and Russler Defendants are not state actors under the Fourteenth Amendment or section 1983 (doc 33). For the reasons that follow, we will deny plaintiffs' motion for default judgment, grant the Commonwealth Defendants' motion to dismiss, dismiss the Pruey and Russler Defendants' motion to dismiss, and grant plaintiffs twenty-one days to indicate why the amended complaint should not be dismissed.

*II.     Standard of Review*

Under Federal Rule of Civil Procedure 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Hence, "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 129 S.Ct. at 1949).

*III.    Background*

In their amended complaint, plaintiffs allege that their neighbors have engaged in a course of conduct that has violated their constitutional rights and that Pennsylvania law enforcement officers failed to enforce state laws against these neighbors, allowing the alleged conduct to continue, in violation of due process and equal protection.

The Pruey and Russler Defendants own several dogs that share one fenced yard. (Doc. 15, ¶¶ 16-17). These dogs bark at all hours of the day and night. (*Id.* at ¶ 14). Because plaintiffs considered the barking dogs a nuisance, they

repeatedly asked defendant Beck, the Huntingdon County Dog Warden, to "do something" about it. (*Id.* at ¶23). Beck made two visits to the Pruey and Russler Defendants' residences. (*Id.* at ¶¶ 26-27). On the first visit, Beck spoke with the Pruey's young daughter who told him that she was the only one home at the time. (*Id.*). Beck did not issue a citation or take any further action at that time. (*Id.*) Subsequently on a second visit, after finding the Russlers at home in their trailer beside the Pruey's home, he spoke with them and issued a citation for "no medical records and dogs not contained." (*Id.* at ¶ 27). Based on these events, plaintiffs allege in Count I that the barking dogs deprived them of equal protection of the law. Furthermore, plaintiffs allege that Beck's failure to enforce the dog laws by not issuing a citation during his first visit violated plaintiffs' equal protection and due process rights.

In a separate incident, plaintiffs allege that shots were fired from the Russler family's trailer while the plaintiffs were sitting on their porch. (*Id.* at ¶¶ 31-32). The next morning, Pennsylvania State Trooper Kevin Reese investigated the incident, and was informed by plaintiffs that the shots came from the Russler's trailer. (*Id.* at ¶¶ 33-34). After conducting an investigation, however, Trooper Reese decided not to issue a citation or make an arrest. Thus, based on Trooper Reese's failure to issue a citation or make an arrest, plaintiffs allege in Count II that he violated their equal protection and due process rights. (*Id.* at ¶ 38).

In a third incident, plaintiffs were sitting on their porch when one of the Russler's dogs, being chased by Mr. Russler, ran onto plaintiffs' property. (*Id.* at ¶¶ 40-41). Seeing this, plaintiff Scott went into his home, grabbed a shotgun, and gave chase. (*Id.* at ¶ 42). While Russler was chasing the dog, Scott fired three shots into the ground, causing both Russler and the dog to leave the plaintiffs' property. (*Id.* at

3

¶¶ 45-46). Sometime later that day, Pennsylvania State Troopers Jesse Dumm and Steven Peterson, along with other state and local officers, arrived at the scene and investigated the incident. (*Id.* at ¶¶ 49-58). The officers did not make any arrests or issue any citations that day, but Trooper Dumm returned on the following day to Scott's residence and issued a citation for disorderly conduct based upon his actions on the previous day. (*Id.* at ¶ 60). Scott eventually pled guilty to this charge. (*Id.* at ¶ 61). Based on these events, plaintiffs in Count III request judgment against the Pruey and Russler Defendants, Trooper Dunn, and Trooper Peterson, but they fail to provide a legal theory or justification why judgment should be entered against the defendants.

In yet another series of events, plaintiffs complain that the Pruey and Russler families regularly speed on the dirt road in front of plaintiffs' residence, causing dust to coat the plaintiffs' school bus, front porch, and laundry. (*Id.* at ¶¶ 65-71, 91). In an attempt to stop this conduct, plaintiff Scott first left a message for Trooper Reese regarding the situation. (*Id.* at ¶¶ 73-74). Scott also placed a speed limit sign on a tree at the bottom of the road. (*Id.* at ¶ 76). After someone removed that sign, Scott placed another on the road. (*Id.* at ¶¶ 78-79). In a third attempt to stop the speeding, he dug a series of trenches along the road. (*Id.* at ¶¶ 79, 92).

Despite these actions, plaintiffs allege that the Pruey and Russler Defendants continued to speed on the dirt road. As a result, in Count IV, plaintiffs allege that the Pruey and Russler Defendants violated plaintiffs' constitutional rights, specifically equal protection. (*Id.* at ¶ 94). In addition, plaintiffs claim that the failure of Trooper Reese to enforce the speed limit violated plaintiffs' equal protection and due process rights.

In a final series of occurrences, plaintiffs allege that the Pruey and Russler families conspired to send letters to the school district claiming Scott, who was

4

employed as a bus driver, was "dangerous for children." (*Id.* at ¶¶ 98-101). Plaintiffs also allege that, despite visible no trespassing signs on their property, the dogs owned by Pruey and Russler were once again on their property. (*Id.* at ¶¶ 104-106). When Scott returned from hunting, armed with a shotgun, the Pruey and Russler Defendants called the police. (*Id.* at ¶ 107). A Pennsylvania State Trooper investigated the incident, but subsequently left the scene. (*Id.* at ¶ 108). Plaintiffs request judgment against the Pruey and Russler Defendants based on these incidents, but once again fail to provide a legal theory or justification why judgment should be entered against defendants.

*IV.    Discussion*

    *A.    Motion for Default Judgment*

Plaintiffs argue that default judgment should be entered against the Commonwealth Defendants because they failed to timely respond to the amended complaint. Specifically, plaintiffs contend that the date to respond to the amended complaint related back to the original complaint under Fed.R.Civ.P. 15(c)(1)(B).[1] We disagree.

On April 14, 2010, plaintiffs filed a complaint with this Court. On May 18, 2010, the Commonwealth Defendants timely filed a motion to dismiss the complaint. However, before the Commonwealth Defendants could file a supportive brief on the motion, plaintiffs filed an amended complaint. Four days later, plaintiffs filed a motion for default judgment, arguing that the Commonwealth Defendants failed to timely

---

[1] Fed.R.Civ.P. 15(c)(1)(B) provides, in pertinent part, that "[a]n amendment to a pleading relates back to the date of the original pleading when...the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."

5

respond to the amended complaint.  Essentially, the plaintiffs contend that the time-frame for the Commonwealth Defendants to respond to the amended complaint was the same time-frame that they had to respond to the original complaint.  This argument is without merit.

Plaintiffs' reading of Federal Rule of Civil Procedure 15(c)(1)(B) ignores Rule 15(a)(3), which provides "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading *or within 14 days after service of the amended pleading, whichever is later.*" (emphasis added).  Here, plaintiffs served the amended complaint on the Commonwealth Defendants on May 27, 2010.  The Commonwealth Defendants then filed their motion to dismiss on June 10, 2010, within the allotted fourteen day time period.  Thus, defendants motion was timely filed.

To the extent that plaintiffs argue that the Commonwealth Defendants failed to timely file a brief in support of their motion to dismiss pursuant to Local Rule 7.5, this argument is also without merit.  Local Rule 7.5 requires parties to file supporting briefs within 14 days of filing a motion, or the motion shall be deemed withdrawn.  The Commonwealth Defendants timely filed their motion to dismiss on June 10, 2010. On June 24, 2010, they requested and we granted an extension of time to file their supporting brief.  They then timely filed a supporting brief on July 8th.  Since the Commonwealth Defendants' motion and responsive brief were timely filed, plaintiffs motion for default judgment will be denied.

*B. The Commonwealth Defendants' Motion to Dismiss*

1. Counts I, II, and IV.

The Commonwealth Defendants first argue that Counts I, II, and IV of the amended complaint should be dismissed because the plaintiffs lack standing to seek relief. We agree.

To state section 1983 claim, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1987); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). However, plaintiffs failed to plead a plausible violation of a right secured by the Constitution or laws of the United States. In Counts I, II, and IV, plaintiffs seek relief from the Commonwealth Defendants because they failed to arrest and/or issue citations to the Pruey and Russler Defendants for conduct that allegedly violated state and/or local law. Specifically, in Count I, plaintiffs allege that the failure of Beck to enforce the dog laws violated plaintiffs' constitutional rights. Similarly, in Counts II and IV, plaintiffs aver that the failure of Trooper Reese to enforce the speed limit and for failing to make an arrest and/or issue a citation for the gunshot that was allegedly fired from the Pruey and Russler Defendants' residences violated plaintiffs' constitutional rights. However, a claim for failure to prosecute or to bring charges is not cognizable under 42 U.S.C. § 1983 or any other federal law. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973). *See also Leeke v. Timmerman*, 454 U.S. 83, 85-87 (1981) (private citizen has no interest in the issuance or non-issuance of arrest warrants). Thus, plaintiffs allegations are insufficient to show

7

a plausible claim pursuant to section 1983. We will therefore grant the Commonwealth Defendants' motion to dismiss Counts I, II, and IV.

### 2. Count III

In Count III, plaintiffs seek relief from Troopers Dumm and Peterson for issuing a citation to plaintiff Scott for disorderly conduct after he approached Russler with a shotgun and fired shots into the ground. (Doc. 15, ¶ 44-45).[2] The Commonwealth Defendants argue that the amended complaint fails to state a claim upon which relief can be granted because it contains no factual allegations showing that Troopers Dumm or Peterson improperly. We agree.

Under *Twombly*, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct.1955 at 1974, 167 L.Ed.2d 929. The amended complaint, however, fails to plead any facts demonstrating a right to relief. In addition, plaintiffs fail to plead how Troopers Dumm or Peterson acted improperly or how they violated plaintiffs' constitutional rights. The amended complaint alleges that the officers investigated the incident, heard conflicting stories as to what transpired, and ultimately decided to issue a citation the following day. (doc. 15, ¶¶ 48-60). As alleged, these facts fail to show any constitutional violations. We will therefore grant the Commonwealth Defendants' motion to dismiss Count III of the amended complaint.[3]

---

[2] As we previously noted, Scott later pled guilty to the disorderly conduct offense. (Doc. 15, ¶ 61).

[3] Additionally, even if Scott had pled sufficient facts to demonstrate conduct by Troopers Dumm and Peterson that violated constitutionally protected rights, we note that judgment in favor of Scott in Count III would necessarily imply the invalidity of his conviction for disorderly conduct. The Supreme Court has held that plaintiffs may not assert a § 1983 claim for alleged unconstitutional conduct if prevailing on that claim would imply the invalidity of the underlying sentence or conviction unless that conviction has already been called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994). Scott pleaded guilty to the charge and his conviction has not been called into question by the courts. Thus, even if plaintiffs pled sufficient facts to show misconduct by the Commonwealth

8

*C. The Pruey and Russler Defendants' Motion to Dismiss*

The Pruey and Russler Defendants, acting pro se, argue that the plaintiffs cannot maintain a cause of action against them for violations of the Fourteenth Amendment because they are not state actors, but rather private citizens. However, as indicated by plaintiffs (doc. 34) and pursuant to Rule 15, "[a] motion asserting any of [the 12(b) defenses] must be made before pleading if a responsive pleading is allowed." Since the Pruey and Russler Defendants filed their motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) after filing their answer (*see* docs. 18, 19, 21), we conclude that their motion was untimely. Thus, by rule, we are prohibited from hearing the motion.

Nonetheless, a court may "on its own initiative enter an order dismissing [an] action provided that the complaint affords a sufficient basis for the court's action," *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980), and that the plaintiff be given notice and an opportunity to respond. *Oatess v.* Sabolevitch, 914 F.2d 428, 430 n.5 (3d Cir. 1990); see *also Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F'Appx. 135, 138 (3d Cir. 2008).

It is fundamental that the Fourteenth Amendment only protects against state action. *U.S. v. Morrison*, 529 U.S. 598, 621, 120 S.Ct. 1740, 1756, 146 L.Ed.2d 658 (2000). "[T]he principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the states. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Id.* (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836 (1948)). Additionally, actions brought

---

Defendants, they may not assert this claim against Troopers Dumm and Peterson.

under 42 U.S.C. § 1983 require action by a person acting under color of state law. *Atkins*, 487 U.S. at 48.

Here, plaintiffs do not allege nor do they plead sufficient facts that would enable the court to infer that the Pruey and Russler Defendants were acting under color of state law at any time during the incidents that gave rise to this litigation. Since the Pruey and Russler Defendants are not state actors, plaintiffs fail to sufficiently plead a section 1983 claim. *See Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d 929. Therefore, the plaintiffs may respond within twenty-one (21) days of the date of this order, indicating why the claims against the Pruey and Russler Defendants' should not be dismissed.

*V.   Conclusion*

Based on the preceding, we will deny plaintiffs' motion for default judgment, grant the Commonwealth Defendants' motion to dismiss, dismiss the Pruey and Russler Defendants' motion to dismiss, and grant plaintiffs twenty-one days to indicate why the amended complaint should not be dismissed

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 22, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOY L. CRAMER,
WILMER H. SCOTT,
    Plaintiffs

vs.     CIVIL NO. 1:CV-10-0796

DONNA B. PRUEY, et al.,
    Defendants

*O R D E R*

AND NOW, this 22nd day of October, 2010, upon review of the Defendants' motions to dismiss, and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendants Jesse L. Dumm, Steven C. Peterson, Kevin Reese, and Robert M. Beck's motion to dismiss the complaint (doc. 12) is dismissed as moot.

    2. Plaintiffs motion for default judgment (doc. 17) is denied.

    3. Defendants Jesse L. Dumm, Steven C. Peterson, Kevin Reese, and Robert M. Beck's motion to dismiss the amended complaint (doc. 16) is granted and they are dismissed from the action.

    4. Plaintiffs motion to dismiss (doc. 34) Defendants Donna B. Pruey, Allen (Butch) E. Pruey, Sherry Bell (Pruey) Soccio, Donald E. Russler, Jr., and Connie C. Russler's motion to dismiss is granted.

    5. Defendants Donna B. Pruey, Allen (Butch) E. Pruey, Sherry Bell (Pruey) Soccio, Donald E. Russler, Jr., and Connie C. Russler's motion to dismiss the amended complaint (Doc. 33) is dismissed.

    6. Within twenty-one (21) days of the date of this order, plaintiffs may file a response indicating why the court should not dismiss the claims against Defendants Donna B. Pruey, Allen (Butch) E. Pruey, Sherry Bell (Pruey) Soccio, Donald E. Russler, Jr., and Connie C. Russler.

7.  Unless a response has been filed, the Clerk of Court shall dismiss the remaining defendants and mark this matter closed on November 15, 2010.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge